IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. LANG LAND CLEARING, INC. | ) | |
| | ) | ARB CASE NOS. 01-072; 01-079 |
| Petitioner, | ) | |
| | ) | ALJ CASE NOS. 98-DBA-1 through 6 |
| vs. | ) | |
| | ) | CIVIL ACTION NO. 04-10336 |
| ADMINISTRATOR, WAGE & HOUR DIVISION, | ) | |
| U.S. DEPARTMENT OF LABOR, and | ) | Honorable David M. Lawson |
| ADMINISTRATIVE REVIEW BOARD, | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | Magistrate Judge Charles E. Binder |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**PETITIONER, WILLIAM J. LANG LAND CLEARING, INC.'S,
RESPONSE BRIEF**

I.     INTRODUCTION

Upon review of the Administrator's Brief in Support of Respondent's Motion for Summary Judgment, Petitioner William J. Lang Land Clearing, Inc. ("Lang") submits that it is satisfied that it has properly refuted through its initial brief all arguments of the Administrator concerning vacation payment credit, meals and lodging credit[1], and health benefit credit.[2]  Lang does, however, take this opportunity to respond to the Administrator's arguments concerning the classification of Lang employees under the pertinent wage determinations in this case.

II.    ARGUMENT

A.   **THE ADMINISTRATOR HAS MADE AN ERRONEOUS ARGUMENT THAT THE ISSUES PRESENTED IN THIS CASE CONCERNING PROPER CLASSIFICATION OF LANG'S EMPLOYEES UNDER THE WAGE DETERMINATION ARE NOT SUBJECT TO JUDICIAL REVIEW.**

The Administrator contends that the Board's decision concerning whether or not Lang properly classified its operators within Group 1 or Group 4 of the pertinent wage determination document is not a matter which this Court can review.  The Administrator asserts that the United States Supreme Court has found that the "correctness" of the Secretary of Labor's wage

---

1  The only response Lang has concerning this issue which is not addressed in its own initial brief concerns the final citation set forth by the Administrator in its argument at Page 17 of its Brief.  The Administrator cites <u>Energy Engineering & Controls, Inc.</u> v. <u>Secretary of Labor</u>, 1994 WL 278075 (E.D. Pa. 1994) for its contention that payments to employees for food, travel and lodging are not fringe benefits and cannot be credited to meet minimum hourly wage requirements of the Davis-Bacon Act.  The citation is of little, if any, value to resolution of this case because there are virtually no facts identified in that case by which to compare it to the facts at issue in this present matter.  Likewise, the Court did not provide any legal reasoning which might be of any value to this Court.

2  While certainly not constituting matters of consequence, it should be noted that the Administrator has set forth two incorrect references in its initial brief.  At Page 4, the Administrator indicates that the hearing was held before the Administrative Law Judge in Midland, Michigan.  Actually, it was held in Bay City.  At Page 16, the Administrator indicates that Lang Land Clearing is located in Bearton,

determinations under the federal Davis-Bacon Act are not subject to judicial review. Lang has no disagreement with that description of law. However, the Administrator then claims that various courts have held that "proper resolution of the proper classification of workers under the wage determination is an essential part of the wage determination process, and, accordingly, is not subject to judicial review." Lang does take issue with this assertion.

As support for the Administrator's claim that application of the wage determination to a particular set of circumstances in a contested case is "part of the wage determination process" and, thus, not subject to judicial review, the Administrator relies most heavily on <u>Framlau Corp</u>. v. <u>Dembling</u>, 360 F.Supp 806, 809 (E.D. Pa. 1973). The Administrator quotes the case as follows at pages 20-21 of her Brief:

> … the court stated that the "decision of the Secretary of Labor regarding the scope of a classification is part of the wage determination process and exclusively within [her] jurisdiction and that the correctness of [her] determination of wage rates is not subject to judicial review.

Lang submits that the Administrator is trying to make too much out of this case. Clearly, the court's language does not mean that the Board's application of a wage determination to the facts of a particular contested case is outside of a federal court's authority to review. First, the statement itself does not support such a conclusion. The language used by the Court is clearly meant to convey simply that the Secretary of Labor has exclusive jurisdiction to set the wage rates and job functions applicable to a particular wage determination, *i.e.*, to determine the scope of which job functions fall under the determination and the rates applicable to those jobs. It does not mean that the Administrator's *application* of those classifications to the work performed by

---

Michigan. The name of the city in which Lang Land is located is Beaverton, Michigan.

Lang is outside of judicial review.  Second, it is illogical to conclude that the Secretary has unfettered and non-reviewable authority beyond that of setting wage determinations.  If the Secretary were able to apply existing wage determinations unfairly, arbitrarily and capriciously to a contractor like Lang with only the Board sitting in judgment of that decision and without the safety net of judicial review, then the judicial review identified in 5 U.S.C. 706(2)(A) would, for the most part, be meaningless.

The Administrator cited several other unpersuasive cases in support of its position that the Board's decision regarding Lang's classification of employees is not subject to review by the courts.  After citing and quoting from Framlau Corp., the Administrator cited Mistick PBT, d/b/a Mistick Construction v. Chao, No. 03-1767 (RCL), slip op. at 6-7 (D.D.C. July 27, 2004); Tele-Sentry Security, Inc. v. Secretary of Labor, 1991 WL 178135, *4 (D.D.C. 1991); Delta Electric Constr. Co. v. Dep't of Navy, 1971 WL 896, *1 (W.D. Tex. 1971); Carabetta Enterprises, Inc. v. Harris, 1979 WL 1907, *2 (D.D.C. 1979); and Nello L. Teer Co. v. United States, 348 F.2d 533, 539 (Ct. Cl. 1965), cert. denied, 383 U.S. 934 (1966).  The majority of those cases are readily distinguished.

Mistick PBT involved a contractor's challenge to *proposed* wage determinations pending before the Secretary of Labor.  Thus, that case was limited to discussion of the Secretary's unfettered discretion to set the wage determinations.  It is wholly unlike this present case where the Administrator has applied its wage determination in an arbitrary and incorrect manner to a contractor (Lang Land Clearing) after performance of the work in question.  Similarly, the Delta Electric and Nello L. Teer cases both involve challenges to *modifications* of wage determinations – again, a matter with the Secretary's exclusive jurisdiction not subject to challenge in the courts.

4

It is only the Tele-Sentry Security and Carabetta Enterprises cases which appear to support the Administrator's position that the Secretary is free to arbitrarily misapply its wage determinations to contractors after performance of work without any review of the matter whatsoever by the courts.

This Court should note that both the Tele-Sentry Security case and Carabetta Enterprises case were authored by the District Court for the District of Columbia. Lang submits that the D.C. District Court stands alone and is simply wrong in its assessment of the boundaries of judicial review of the Board's cases. The D.C. Court appears to have gone wrong by impermissibly extending the holding of the United States Supreme Court in United States v. Binghampton Construction Co., 347 U.S. 171, 177 (1954). In that case, the issue concerned whether the minimum wage rates included in a wage report represented a warranty by the federal government that the rates were precisely the same as those prevailing in the area. In holding that there was no such warranty, the court mentioned that "the correctness of the Secretary's determination is not open to attack on judicial review." In no way did the U.S. Supreme Court state or even imply that the federal courts could not examine on judicial review whether the Administrator acted arbitrarily, capriciously, or otherwise unlawfully in its application of wage reports to the work already performed by a contractor on projects subject to the Davis-Bacon Act.[3]

---

3 Moreover, contrary to the D.C. District Court, at least two Courts of Appeals have held that the practices and procedures of the Secretary are reviewable under the standards of the Administrative Procedures Act, 5 U.S.C. 701 *et seq.* *See*, North Georgia Bldg. & Constr. Trades Council v. Goldschmidt, 621 F.2d 697 (5th Cir. 1980), and Virginia Commissioner, Dep't of Transp. v. Marshall, 599 F.2d 588 (4th Cir. 1979). In North Georgia, *supra*, the Fifth Circuit Court of Appeals determined that the Davis-Bacon Act does not preclude judicial review of agency determinations in contested cases because the Davis-Bacon Act does not expressly preclude judicial review (other than the establishment of wage

Lang agrees that the courts cannot and should not get involved in review of the Secretary's determination of classifications and wage rates under the Davis-Bacon Act. However, Lang disagrees that the courts cannot review the Board's rulings concerning the Secretary's *application* of those determinations to a contractor after a contested case hearing. The Administrative Procedures Act permits judicial review of Agency action unless the underlying statute precludes judicial review of the Agency action is committed to Agency discretion by law. 5 U.S.C. 701(a). None of the cases cited by the Administrator address the circumstances presented in the case before this Honorable District Court. The Administrator has simply taken broad language from various cases and sought to impermissibly extend the language in such a way as to give the appearance that judicial review is precluded in the present case. Accordingly, Lang requests that this Honorable Court disregard as nonsensical and legally erroneous the prior rulings of the D.C. District Court to the extent they hold federal courts to be without jurisdiction to review the Board's legal errors arising out of misapplication of wage determinations to contractors.

## **CONCLUSION**

For the foregoing reasons, and for those reasons specified in Lang Brief in Support of Its Motion for Summary Judgment, Lang respectfully requests this Court overrule the Board's Order and grant Lang the relief it requests in its Motion for Summary Judgment.

Dated:  August 17, 2005                             /s/ KRAIG M. SCHUTTER

---

determinations) and that the Davis-Bacon Act is not so broadly drawn as to commit to agency discretion issues such as coverage of the Act to particular construction projects.  Likewise, in Virginia, *supra*, the Fourth Circuit Court of Appeals concluded that the federal courts are authorized to review under the Administrative Procedures Act whether or not the Secretary's actions are lawful as measured against its own standards under the Davis-Bacon Act.

4449 Fashion Square Boulevard
Saginaw, Michigan  48603
(989) 792-4499
kschutter@mpslaborlawyers.com
P45339

Case 2:04-cv-10336-DML-CEB   Document 24   Filed 08/17/05   Page 8 of 10

## CERTIFICATE OF SERVICE

I hereby certify that August 17, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to Charles Binder, U.S. District Judge, United States District Court, Eastern District of Michigan, 323 Post Office Building, Bay City, Michigan  48708, and the following individuals:

Honorable Daniel J. Roketenetz
Office of Administrative Law Judges
United States Department of Labor
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

Howard Radzely
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave., N.W.
Room S-2002
Washington, D.C.  20210

Raymond Bingaman, Jr.
President
Peters Construction Company
3325 East Kilgore Road
Kalamazoo, MI  49512

Carol Arnold
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C.  20210

Richard J. Fiore, Esq.
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Federal Bldg., 8th Floor
230 S. Dearborn St.
Chicago, IL  60604

Terry R. Yellig, Esq.
Sherman Dunn Cohen Leifer & Yellig
1125 15th St., N.W.
Suite 801
Washington, D.C.  20005

William A. Isokait, Counsel
Labor & Employment Law
Associated General Contractors of America
333 John Carlyle St., Suite 200
Alexandria, VA  22314

Robert P. Casey, Esq.
Murphy Smith & Polk
Twenty-fourth Floor
Two First National Plaza
Chicago, IL  60603

National Heavy & Highway Alliance
905 16th Street, N.W.
Washington, D.C.  20006

Daniel L. Zito
Vice-President
Zito Construction Company
G-8033 Fenton Road
Grand Blanc, MI  48439

Richard Steigenga
President
Kamminga & Roodvoets, Inc.
3435 Broadmore Avenue, S.E.
Grand Rapids, MI  49512

Michael Donohoe
John Carlo, Inc.
45000 River Ridge Drive
Suite 200
Clinton Township, MI 48038

Mark D. Sassak
Deneweth, Dugan & Parfitt
1175 W. Long Lake Road
Suite 202
Troy, MI 48089

Virgil Klebba, Jr.
Dan's Excavating, Inc.
12955 23 Mile Road
Shelby Township, MI 48315

Alexander Marketos
The Fishman Group
40950 North Woodward Ave.
Suite 350
Bloomfield Hills, MI 48304

Honorable John Vittone
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K. Street, N.W., Suite 400
Washington, D.C. 20001-8002

Jeffrey G. Collins
U.S. Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226

Alfred B. Robinson
Acting Administrator
ESA/Wage & Hour Division
Room S-3502
200 Constitution Avenue, N.W.
Washington, D.C. 20210

John Ashcroft
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Donald H. Scharg, Esq.
The Fishman Group
40950 N. Woodward Ave.
Suite 350
Bloomfield Hills, MI 48304

Administrator
Administrative Review Board
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Ronald A. Deneweth, Esq.
Deneweth, Dugan & Parfitt
1175 W. Long Lake Road
Suite 202
Troy, MI 48089


Dated: August 17, 2005

/s/ KRAIG M. SCHUTTER
4449 Fashion Square Boulevard
Saginaw, Michigan 48603
(989) 792-4499
kschutter@mpslaborlawyers.com
P45339

3